# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARK ANTHONY MYRIE,

    Petitioner,

-vs-                                          Case No.  8:14–cv-281-T-30TBM

BOB GUALTIERI, WARDEN, et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner's Peremptory Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 1651 ("petition") (Dkt. 1).  The petition appears to assert that Petitioner is entitled to immediate release from incarceration because he is not detained pursuant to a valid conviction issued by a court of competent jurisdiction.

Petitioner did not sign the petition in accordance with Fed. R. Civ. P., Rule 11(a).[1] Rather, the petition was signed by Rohan Anthony Johnson as Petitioner's "Attorney-in-Fact" and "Amicus Curiae." (Dkt. 1 at pp. 1, 8, 11).  There is no indication that Johnson is a licensed attorney.

Although Petitioner may seek legal assistance from others, this does not mean that a non-attorney may practice law in this Court. Section 1654 of Title 28 of the United States Code, does not allow unlicenced individuals to represent other individuals.  "An individual

---

[1] Rule 11(a) states in pertinent part that "[e]very pleading. . .must be signed by. . .a party personally if the party is unrepresented."

who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" *Bar-Navon v. Sch. Bd.*, 2006 U.S. Dist. LEXIS 78408, at *5 (M.D. Fla. Oct. 27, 2006) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). *See also, Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991) ("[Section 1654] does not allow for unlicensed laymen to represent anyone else other than themselves."); Local Rule 2.01(a) (M.D. Fla. 2009) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule.").

Moreover, to the extent Johnson is attempting to litigate this action on Petitioner's behalf as a "next friend," Johnson "must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action[,]. . .must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[,]. . .and must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

Johnson has failed to allege or demonstrate that: 1) Petitioner lacks access to this Court, is incompetent, or suffers from a disability preventing him from litigating this action on his own behalf; 2) he is "truly dedicated" to Petitioner's best interests; and 3) he has a significant relationship with Petitioner. Therefore, Johnson has failed to establish "next friend" standing.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition (Dkt. 1) is **DISMISSED**. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*